**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

BRIT UW LIMITED, for and on behalf of LLOYDS SYNDICATE #2987,

Plaintiff,

v.

CITY OF SAN DIEGO, a municipal corporation,

Defendant.

CITY OF SAN DIEGO, a municipal corporation,

Counterclaimant,

v.

BRIT UW LIMITED, for and on behalf of LLOYDS SYNDICATE #2987,

Counterdefendant.

CASE NO. 14cv2195 JM (WVG)

ORDER ON MOTION TO DISMISS AND STRIKE PORTIONS OF THE FIRST AMENDED COUNTER-COMPLAINT

This order addresses Brit UW Limited's ("Brit's") motion to dismiss and strike parts of the City of San Diego's ("the City's") first amended counter-complaint. (Doc. No. 22.) The motion was fully briefed and found suitable for resolution without oral argument pursuant to Local Civil Rule 7.1.d.1. For the reasons set forth below, the motion is granted in part and denied in part.

## BACKGROUND

### A. Brit's Complaint

Brit initiated this insurance coverage action in September 2014. (Doc. No. 1.) Brit filed the operative, first amended complaint the next month, seeking a declaratory judgment that it had no obligation to defend or indemnify the City in a personal-injury lawsuit that was pending in San Diego Superior Court ("the state case" or "underlying action").[1] (Doc. No. 6.) Brit alleges as follows:

Brit, an insurer, is domiciled in London. The City is a California municipal corporation. This court has diversity jurisdiction, as the amount in controversy exceeds $75,000.

In November 2010, Epic Pest Control ("Epic") agreed to provide pest-control services for certain parks and recreation areas operated by the City, including an athletic field called Robb Field. In August 2012, Brit issued a commercial general liability insurance policy to Epic. The policy provided coverage for "bodily injury" caused by an "occurrence," as those terms are defined in the policy. (Id. ¶ 12.) It had a limit of $2 million per occurrence.

As a condition of doing business with the City, Epic requested coverage for the City as an additional insured. Accordingly, Brit issued an endorsement amending the policy to include as an additional insured "any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy." (Id. ¶ 14.) The endorsement provides coverage for injury caused by "Your acts or omissions," or "The acts or omissions of those acting on your behalf in the performance of your ongoing operations and for that additional insured." (Id.) Brit claims that these provisions

---

[1] Brit also sued three City employees, who were later dismissed from the case. (Doc. No. 17.) At the time Brit filed the complaint, the state case was still pending. It has since settled, as discussed below.

required it to provide coverage only for injuries caused by Epic's acts or omissions, not for harm caused by the City or its employees.

In August 2013, a personal injury lawsuit was filed in state court against Epic, the City, and several City employees. The plaintiff in that case, Andre Walker, sought recovery for injuries he suffered after he stepped in a hole caused by a burrowing rodent at Robb Field in September 2012.

According to Brit, after Epic and the City tendered the state case to Brit for defense and indemnification, Brit investigated and discovered that the City had interfered with Epic's pest-control efforts at Robb Field by countermanding Epic's choice of pest-control techniques and substances and by hiring outside vendors to do work at the field. Brit agreed to defend the City, but it reserved its right to withdraw the City's defense, to refuse to indemnify the City, and to seek reimbursement of fees and costs.

During the litigation of the state case, Brit claims, facts emerged showing that the City had, in fact, interfered with Epic's pest-control efforts in these ways. Brit claims that any injuries Walker suffered were thus caused by the interference and other independent acts of the City and its employees, not by Epic, so that Brit had no duty to defend or indemnify the City.

**B. The City's Countercomplaint**

The City filed a countercomplaint in November 2014, (Doc. No. 10), followed by the operative first amended countercomplaint ("FAXC") in December 2014, (Doc. No. 18). The City claims that Brit unreasonably declined to fulfill its defense obligations to the City. It provides the following account:

Epic and the City agreed that the City would be added to the policy as an additional insured, and Brit issued a certificate of liability naming the City and its employees as additional insureds. After the City tendered the state case for defense and indemnification, the City received a letter advising that Brit had retained counsel for the City. Due to a potential or actual conflict of interest between Epic

and the City, Brit retained separate counsel for them. Brit agreed to provide a defense for the City, but it reserved its rights to withdraw the defense, to refuse to indemnify the City, and to seek reimbursement of fees and costs. As of the date of the filing of the FAXC, Brit had paid more than $150,000 to defend the City and had not released its right to recoup that amount.

The City claims that Brit failed to provide a complete and adequate defense, despite its acknowledgment that it had an obligation to defend the City. Although Brit acknowledged the potential conflict between Epic and the City, it appointed the same claims adjuster to handle their claims, because of which the City's privileged and confidential information from its defense was disclosed to Epic's defense counsel. Brit also refused to participate meaningfully and in good faith in settlement negotiations on behalf of the City; engaged in settlement discussions without waiving its reservation of rights or involving the City; refused to accept reasonable settlement offers; attempted to induce the City to settle; and advanced theories that held the City liable, rather than advancing theories to exonerate and defend the City. And, while the state case was pending, Brit initiated this action seeking a declaration that it had no duty to defend or indemnify the City.

The City asserts claims for (1) declaratory judgment that Brit was obligated to provide a complete defense through the conclusion of the state case without any right to reimbursement; (2) breach of the contractual duty to defend; (3) specific performance of the duty to defend; and (4) breach of the implied covenant of good-faith and fair dealing, otherwise known as bad faith.

**C. Brit's Motion to Dismiss and Strike**

On December 22, 2014, Brit moved to strike some of the allegations and to dismiss the City's counterclaims for failure to state a claim. (Doc. No. 22.) The City filed an opposition on January 12, 2015, objecting to having to litigate this case while the state case was still pending. (Doc. No. 23.) Brit replied on January 16, 2015. (Doc. No. 24.)

**D. Subsequent Developments**

On March 10, 2015, after reviewing the filings, not having heard anything further from the parties, the court entered an order to show cause as to why this case should not be stayed until the state case was final. (Doc. No. 27.) In the order, the court observed that the coverage issue in this case appeared to turn on a fact that was disputed in the state case. California courts have held in such cases that the insurer's declaratory-relief action must be stayed so as to avoid prejudice to the insured. See Great Am. Ins. Co. v. Superior Court, 178 Cal. App. 4th 221, 235 (2009); Haskel, Inc. v. Superior Court, 33 Cal. App. 4th 963, 979 (1995).

The parties responded that the state case had settled, with Walker accepting a settlement from Brit without any contribution by Epic or the City. (Doc. Nos. 28 & 29.) On May 14, 2015, Brit filed a notice indicating that the state case had been dismissed with prejudice on April 30, 2015. (Doc. No. 32.)

Unsure of whether these events mooted the City's claims, the court asked for briefing on the issue. (Doc. No. 33.) The parties filed responses on May 28, 2015, (Doc. Nos. 34–36),[2] and replied on June 4, 2015, (Doc. Nos. 37 & 38.)

**DISCUSSION**

**A. Mootness**

Federal court jurisdiction is limited to actual cases and controversies. See U.S. Const. art. III, § 2. "For a dispute to remain live without being dismissed as moot, the parties must continue to have a personal stake in the outcome of the lawsuit. Maldonado v. Lynch, 786 F.3d 1155, 1160–61 (9th Cir. 2015). "A case is not moot if a federal court can grant the parties any effective relief." Natural Res. Def. Council v. Jewell, 749 F.3d 776, 782 (9th Cir. 2014).

The parties agree that the City's claim for specific performance is moot following the dismissal of the state case. Accordingly, the claim for specific

---

[2] Document 36 is a notice of errata correcting the exhibits to Document 35.

performance is dismissed without leave to amend.

However, they disagree about the three remaining claims. Brit argues that the City's claims are all moot because the state case settled without the City paying a penny, so the City cannot show that it has suffered any damages. The City responds that its claims are not moot because it suffered damages in the form of attorney fees and other consequential damages, and Brit has submitted a request for reimbursement of the entire amount of the $450,000 settlement, plus the cost of the City's defense, a total of $638,999.48.

Because Brit seeks to recoup the amount of the defense and the settlement from the City, and, as discussed below, the City has alleged a viable claim for damages stemming from Brit's conduct in the state case prior to the settlement, which a court order could redress, the City's remaining claims are not moot.

**B. Motion to Strike**

Under Federal Rule of Civil Procedure 12(f), the court may strike "any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are "generally viewed with disfavor, and will usually be denied unless the allegations in the pleading have no possible relation to the controversy, and may cause prejudice to one of the parties." Carolina Cas. Ins. Co. v. Oahu Air Conditioning Serv., Inc., 994 F. Supp. 2d 1082, 1090 (E.D. Cal. 2014) (internal quotation marks omitted).

Brit asks the court to strike two parts of the FAXC: the allegations about its settlement conduct in the state case, and the allegations supporting the City's claim for declaratory judgment. Brit contends that the settlement allegations violate California Evidence Code § 1119(c), which provides: "All communications, negotiations, or settlement discussions by and between participants in the course of a mediation . . . shall remain confidential." Brit contends that the City's claim for declaratory judgment should be stricken because it is essentially the mirror image of Brit's declaratory-judgment claim.

However, Brit did not provide any facts about the mediation, and there are none in the FAXC,[3] so there is no basis for the court to conclude that the privilege applies. Brit also did not provide any meaningful legal authority to support its arguments. It cited Benesch v. Green, 2009 WL 4885215 (N.D. Cal. 2009), which excluded privileged evidence at summary judgment. How or why this case requires allegations to be stricken at the pleading stage is unclear. Additionally, Brit did not provide any authority showing that a duplicative declaratory-judgment counterclaim should be stricken. Last, it did not identify any prejudice it will suffer if the challenged allegations remain. Brit's motion to strike is, therefore, denied.

**C. Motion to Dismiss**

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of the pleadings. For a plaintiff to overcome a motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The court "must take all of the factual allegations in the complaint as true," but it is "not bound to accept as true a legal conclusion couched as a factual allegation." Id. (internal quotation marks omitted). Factual pleadings merely consistent with a defendant's liability are insufficient to survive a motion to dismiss because they establish only that the allegations are possible rather than plausible. See id. at 678–79. The court should grant relief under Rule 12(b)(6) if the complaint lacks either a cognizable legal theory or facts sufficient to support a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

---

[3] Brit asserts that the FAXC accuses Brit of refusing to meaningfully participate in settlement negotiations "[n]otwithstanding attempts to resolve the Underlying Action through mediation." (Doc. No. 24 at 13.) However, the words "through mediation" do not appear in the FAXC.

Brit contends that the City's three remaining claims fail. (Doc. No. 22.) The court addresses each of them below.

**1. Declaratory Judgment**

The City seeks a declaration that the insurance policy required Brit to provide it a full and complete defense through the completion of the state case, without any right to reimbursement.

Brit argues that this claim should be dismissed because it is essentially the reverse of Brit's declaratory-judgment claim, hence not a proper counterclaim.

However, as noted already, Brit did not provide any authority requiring or authorizing dismissal of a mirror-image declaratory-judgment claim. Accordingly, Brit's motion to dismiss this claim is denied.

**2. Breach of Contract**

To allege a claim for breach of contract, the plaintiff must allege "(1) a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to the plaintiff." Walsh v. West Valley Mission Cmty. Coll. Dist., 66 Cal. App. 4th 1532, 1545 (1998).

The City alleges that Brit breached its duty to provide a full and complete defense in the state case, which caused the City to suffer consequential damages. Brit argues that this claim must be dismissed because Brit fully funded the City's defense, so the City cannot show that it has suffered any damages.

Brit appears to be correct that no damages are available in this case on a contractual theory of recovery. "Claims for breach of the implied covenant of good faith and fair dealing may sound in either contract or tort, depending on the remedies sought." Blue Shield of Cal. Life & Health Ins. Co. v. Superior Court, 192 Cal. App. 4th 727, 731 n.1 (2011). "A contract claim limits the plaintiff to contract remedies only, while a tort claim permits recovery of non-contract damages, such as emotional distress, punitive damages, and attorney's fees." Id. The ordinary measure of contract damages for a breach of the duty to defend are

the costs and attorney fees the insured expended defending the underlying action. See Emerald Bay Cmty. Ass'n v. Golden Eagle Ins. Corp., 130 Cal. App. 4th 1078, 1088 (2005). Hence, where, as in this case, the insurer paid for the defense, the insured generally cannot recover contract damages for the breach of the duty to defend. See id. at 1088–89.

The damages the City identifies in its opposition do not appear to change this conclusion. The defense costs Brit seeks to recoup cannot be damages for breach of the contractual duty to defend because Brit can recover the defense costs only if the City was not entitled to any defense under the contract. See Mirpad, LLC v. Cal. Ins. Guar. Ass'n, 132 Cal. App. 4th 1058, 1068 (2005) (discussing recoupment of defense costs). The attorney fees allowed by Brandt v. Superior Court, 37 Cal. 3d 813 (1985), are only available as tort damages. See Archdale v. American Intern. Specialty Lines Ins. Co., 154 Cal. App. 4th 449, 467 n.20 (2007). Lastly, whatever damage the City may have suffered because of the disclosure of its privileged information does not support a claim because those damages were not alleged as the basis of the contract claim.

Accordingly, this claim is dismissed with leave to amend. If the City amends this claim, it should verify that there is a colorable basis for recovery of contract damages on the facts alleged.

**3. Bad Faith**

Under California law, "bad faith" refers to a breach of the covenant of good faith and fair dealing that is implied in every insurance contract. The implied covenant requires the parties "to refrain from doing anything to injure the right of the other to receive the benefits of the agreement." Egan v. Mutual of Omaha Ins. Co., 24 Cal. 3d 809, 818 (1979).

To establish a claim for bad faith, the insured must show that (1) benefits due under the policy were withheld; (2) the withholding was unreasonable; and (3) the withholding caused economic loss. See Century Sur. Co. v. Polisso, 139

Cal. App. 4th 922, 949 (2006) (first two elements); Emerald Bay, 130 Cal. App. 4th at 1094 (last element).

An insurer that undertakes a defense can be liable for bad faith, even if ultimately there was no duty to defend or indemnify, "if the defense it provides is inadequate, causing its insured losses which an otherwise adequate defense would have prevented." Love v. Fire Ins. Exchange, 221 Cal. App. 3d 1135, 1154 (1990). "The caliber of defense owed by the insurer once the defense is assumed is not affected by the existence of a coverage dispute between the insurer and insured." Travelers Ins. Co. v. Lesher, 187 Cal. App. 3d 169, 188 (1986). Of particular relevance here, "[a]n insurer owes the duty of good faith and fair dealing to each of its insureds, and cannot favor the interests of one insured over the other." Lehto v. Allstate Ins. Co., 31 Cal. App. 4th 60, 72 (1994).

One type of economic loss that may support a bad-faith claim is Brandt fees: "When an insurer's tortious conduct reasonably compels the insured to retain an attorney to obtain the benefits due under a policy, it follows that the insurer should be liable in a tort action for that expense," just as "medical fees would be part of the damages in a personal injury action." Brandt v. Superior Court, 37 Cal. 3d 813, 817 (1985).

In this case, the City alleges, among other things, that Brit paid for the City's defense, but sided with Epic against the City, failed to fully investigate a defense for the City, allowed the disclosure of the City's privilege information to Epic's defense counsel, excluded the City from negotiations, refused to accept reasonable settlement offers, and advanced theories to exonerate Epic and hold the City exclusively liable, which forced the City to hire its own attorney to obtain the full and adequate defense it was entitled to. These allegations are sufficient to satisfy the elements of a bad-faith claim, at least at the pleading stage.

Brit argues that the City cannot show bad faith or that it sustained any cognizable damages, especially after the state case settled. However, Brit has not

shown that the course of conduct alleged here, including Brit's siding with one insured against another, is permissible as long as the adverse insured has been provided separate defense counsel. Under the circumstances, a jury could find that the City was reasonably compelled to retain an attorney to secure its right to a full and adequate defense. The later settlement did not erase the events that preceded it. Accordingly, Brit's motion to dismiss this claim is denied.

**D. Proposed Amendments**

Both parties anticipate amending their complaints to reflect recent events. The City also plans to remove certain words from its allegations. Neither party objects to the proposed amendments, and the court sees no difficulty in allowing them.

## CONCLUSION

Brit's motion to strike and dismiss, (Doc. No. 22), is GRANTED in part and DENIED in part, as follows:

1. Brit's motion to strike is denied.
2. Brit's motion to dismiss the claims for specific performance and breach of contract is granted. The claim for specific performance is dismissed without leave to amend. The claim for breach of contract is dismissed with leave to amend.
3. Brit's motion to dismiss the claims for declaratory judgment and bad faith is denied.

The parties may file their anticipated amendments as follows: Brit may file an amended complaint within 14 days after entry of this order. The City may file an amended countercomplaint within 21 days after entry of this order.

IT IS SO ORDERED.

DATED: July 21, 2015

Hon. Jeffrey T. Miller
United States District Judge